## STATE v. ANNIE WILLIAMS, PRENTISS WATSON and ELIZABETH BADGETT.

(Filed 13 October, 1948.)

**1. Criminal Law § 9—**

In prosecution of one accused as an accessory after the fact, the burden is upon the State to prove that the principal felon had actually committed the felony stipulated, that the accused knew that such felony had been committed by the principal felon, and that the accused received, relieved, comforted, or assisted the principal felon in some way in order to help him escape, or to hinder his arrest, trial, or punishment.

**2. Same—**

One cannot become an accessory after the fact to a felony until such felony has become an accomplished fact. G. S., 14-7.

**3. Same—**

Where the State's evidence discloses that the accused rendered aid to the principal felon after the principal felon had mortally wounded deceased but before death ensued, motion to nonsuit in a prosecution of accused for being an accessory after the fact to the felony of murder should be allowed, since the evidence discloses that the felony of murder was not an accomplished fact when the assistance was given. G. S., 15-173.

APPEAL by defendant, Annie Williams, from *Williams, J.,* and a jury, at July Term, 1948, of LEE.

The defendants were indicted for being accessories after the fact to the felony of the murder of Thompson Hooker by Bud Hicks. The indictment contained the specific allegation that the aid rendered to the principal offender, Bud Hicks, by the defendants consisted in transporting him from the scene of his crime for the purpose of enabling him to escape apprehension and punishment.

Testimony was presented at the trial by both the prosecution and the defense. This evidence is stated below in the light most favorable to the State.

On the afternoon of Sunday, June 6, 1948, Bud Hicks deliberately shot and wounded Thompson Hooker without provocation while the latter was standing before his doorstep at 404 Ramseur Street in Sanford. Immediately after the shooting, Hicks fled from Sanford to a rural section of Lee County in an automobile owned by himself and driven by the defendant, Prentiss Watson. Hicks and Watson were accompanied on this flight by the defendants, Annie Williams and Elizabeth Badgett. Peace officers found Hicks and his companions at the home of Annie Williams in a country neighborhood in Lee County at a later hour of the afternoon. Hicks, Watson, and Annie Williams thereupon sought unsuccessfully to dissuade the officers from arresting Hicks by falsely

representing that Hicks had not been in Sanford anytime that day. After all these events had transpired, namely, on Monday, 7 June, 1948, Thompson Hooker died in consequence of his gun-shot wound.

Elizabeth Badgett was acquitted, but the jury found Annie Williams and Prentiss Watson guilty as charged in the bill of indictment. Judgment was pronounced against both of these parties. Watson accepted his sentence, and Annie Williams appealed to this Court, assigning as error the denial of her motion for judgment of nonsuit made when the State rested its case and renewed when all the evidence was concluded.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Neill McK. Salmon for defendant, Annie Williams, appellant.*

ERVIN, J. When the State prosecutes one upon the charge of being an accessory after the fact to the felony of murder, it assumes the burden of proving the three essential elements of the offense, namely: (1) that the principal felon had actually committed the felony of murder; (2) that the accused knew that such felony had been committed by the principal felon; and (3) that the accused received, relieved, comforted, or assisted the principal felon in some way in order to help him escape, or to hinder his arrest, trial, or punishment. *S. v. Potter,* 221 N. C., 153, 19 S. E. (2d), 257; *Wren v. Commonwealth,* 26 Gratt. (67 Va.), 952.

In the nature of things, one cannot become an accessory after the fact to a felony until such felony has become an accomplished fact. Consequently, it is well established in law that "one cannot be convicted as an accessory after the fact unless the felony be completed, and, until such felony has been consummated, any aid or assistance rendered to a party in order to enable him to escape the consequences of his crime will not make the person affording the assistance an accessory after the fact." 22 C. J. S., Criminal Law, section 95. See, also, 14 Am. Jur., Criminal Law, section 102; Brill: Cyclopedia of Criminal Law, section 245.

Thus, it is held that a person cannot be convicted as an accessory after the fact to a murder because he aided the murderer to escape, when the aid was rendered after the mortal wound was given, but before death ensued, as a murder is not complete until the death results. *Harrel v. State.* 39 Miss., 702, 80 Am. Dec., 95; Burdick: The Law of Crime, section 224.

Such is the instant case. The evidence disclosed that the assistance, which was alleged to have been rendered by the appellant, Annie Williams, with intent to enable the principal felon, Bud Hicks, to escape, was given after Thompson Hooker had been mortally wounded, but before he died. Hence, the testimony showed that the felony of murder

was not an accomplished fact when the assistance was given, and the Court erred in denying the appellant's motion for judgment of involuntary nonsuit. G. S., 15-173.

The statute provides for punishment for any person becoming an accessory after the fact to any felony, "whether the same be a felony at common law or by virtue of any statute made, or to be made." G. S., 14-7. Since no such charge is laid in the present indictment, we refrain from expressing any opinion as to whether the evidence made out a case for the jury against the appellant as an accessory after the fact to the statutory felony of a secret assault under G. S., 14-31, or the statutory felony of an assault with intent to kill under G. S., 14-32. But it is noted that there are at least two interesting decisions in other states in which similar problems are considered. *People v. Haskins,* 337 Ill., 131, 169 N. E., 18; *Harrel v. State, supra.*

For the reasons stated, the judgment pronounced against the appellant, Annie Williams, in the court below is

Reversed.