BOOKOUT, Judge.
Appellant was convicted in the Municipal Court of Montgomery of concealing a felon and was fined $500.00 and sentenced to sixty days hard labor. On appeal to circuit court, on a trial de novo, appellant was found guilty by a jury and sentenced to *447 hard labor for the county for a period of one month and was assessed an additional forty-two days in lieu of costs.
On October 13, 1975, Birmingham Police Officer Richard Zales went to appellant’s business in that city and inquired of him whether he knew Patricia Wilson, alias Juanita Thompson, alias Elizabeth Blair. Zales said he showed the appellant a bench warrant from Atlanta for Mrs. Wilson’s arrest and informed him that the charge against her was a felony. Zales said a bail bondsman from Atlanta had brought the warrant to the Birmingham police and that it was a “jumping bond” case. The bench warrant is not in the record and neither does any witness state what the actual charge against Patricia Wilson was.
Appellant first disavowed to the officers any knowledge of Mrs. Wilson, but later stated that he could probably point them in her direction. Officers later returned to the appellant’s place of business and told him that a second warrant from Vestavia had been issued for Mrs. Wilson, but they did not have it with them and did not show it to him. There is no mention in the record of what offense was charged in the Vesta-via warrant. That warrant was admitted into evidence, but was not included in the record on appeal and does not appear as an exhibit on the appeal.
A Birmingham taxi driver testified that on the same day, he let Mrs. Wilson out of his taxi in front of the appellant’s place of business. Testimony established that on October 17, 1975, the appellant, using the assumed name of Willie B. Watts, sent a Western Union wire for $50.00 to Elizabeth Blair in Montgomery.
Montgomery Police Officer David Green conducted a surveillance on Mrs. Wilson, alias Elizabeth Blair, and observed her leave her room in a Montgomery motel and go to the Western Union office. She was registered at the motel in Room 108 as Elizabeth Blair. The next day, appellant registered at the same motel in Montgomery in Room 114. Later that evening, Mrs. Wilson entered the appellant’s room while he was still there and remained for about twenty minutes and then left and reentered her own room. Shortly thereafter officers arrested Mrs. Wilson and the appellant.
I
Title 14, § 15, Code of Alabama 1940, has been held to apply only when certain fundamental elements are proved. The essentials of the crime here charged are set out in Rudolph v. State, 40 Ala.App. 398, 114 So.2d 299 (1959):
“The crime here charged has three elements: (1) knowledge of the accessory of the principal’s crime, (2) commission of a complete felony, and (3) active aid (passivity excluded). Wharton’s Criminal Law and Procedure, § 112; Bishop, Criminal Law (9th Ed.), § 693; Russell on Crime (11th Ed.), p. 173; 14 Am.Jur., Criminal Law, §§ 102-104; 22 C.J.S. Criminal Law §§ 95-99.” (Emphasis theirs.)
The record establishes that the appellant actively aided the principal. The testimony of Officer Zales establishes that the appellant had knowledge that the principal (Mrs. Wilson) was wanted in Atlanta for some unspecified crime, and secondly that another warrant from the city of Vestavia was outstanding for some other unspecified crime. Even if we assume Officer Zales’ testimony establishes the requisite knowledge of the accessory of the principal’s crime, we are still faced with a blank record as regards element number two, i. e. commission of a complete felony.
Officer Zales testified that he informed the appellant that an Atlanta bench warrant was outstanding against the principal and that the charge was a felony. We have only Officer Zales’ conclusion that the charge was a felony. Nowhere does the record disclose what the charge was and neither does the record contain the bench warrant as an exhibit. The same can be said of the Vestavia warrant, except the officer did not even testify that the second warrant was for a felony. We not only have no evidence as to the charge in the second warrant, but we do not even have *448 the witness’ conclusion that it was a felony-in that instance.
Not only is there no evidence of a completed felony on the part of the principal, neither is there any evidence that the principal had been convicted of a felony prior to the instant trial. The statute provides in part that, “ . . . and if the principal felon is dead, or has fled from justice, such accessory may be prosecuted and convicted before the principal; but in such case it shall be necessary to allege in the indictment and to prove on the trial, the fact that the principal felon is dead or has fled.”
From the wording of § 15, supra, it appears that the legislature did not intend for accessories after the fact to be tried before the principal except where the principal is dead or has fled from justice. The instant record is completely silent on whether the principal, Mrs. Wilson, alias Blair, was ever tried and convicted on any charge.
The conclusion of Officer Zales that the bench warrant from Atlanta was for a felony, is no proof of the commission of a complete felony. The record does not state from which court in Atlanta the warrant was issued, whether federal, state, county or city court. The fact that it was a “jumping bond case” apprises neither this Court nor the trial court of anything. She may have jumped bond on a serious misdemeanor charge which Officer Zales may have concluded was a felony. She may have jumped bond in Atlanta on any one of a hundred charges. We cannot affirm a conviction based upon mere conjecture or speculation where the record is completely silent as to an essential element of the offense. Rudolph, supra; State v. Williams, 229 N.C. 348, 49 S.E.2d 617 (1948); 21 Am.Jur.2d, Criminal Law § 126. The appellant is, therefore, entitled to a new trial.
REVERSED AND REMANDED.
All the Judges concur except DeCARLO, J., who concurs in result.