This Court granted certiorari to review the decision of the Court of Criminal Appeals with regard to the propriety of sentencing the defendant under § 13A-5-9 (b), Code of Alabama (Habitual Felony Offender Act). 466 So.2d 982.
The defendant was convicted of first degree rape. The crime was committed on August 6, 1982. After the defendant was convicted, the State filed a petition requesting that the defendant be treated as a habitual felony offender for purposes of sentencing in this case. Attached as exhibits to the petition were certified copies of two felony convictions. The exhibits indicate that the defendant was convicted of second degree burglary on August 22, 1980, and of third degree burglary on December 8, 1982. The State's petition, therefore, showed on its face that one of the convictions which it was relying on in seeking habitual offender status took place after the crime for which the defendant was being sentenced.
The only evidence before the court at the sentencing hearing indicating when the *Page 986 
aforementioned convictions occurred was the dates on the certificates of judgment attached to the State's petition. The court asked the defendant if his attorney had explained the habitual offender law to him and then stated: "As I read the law, I have no alternative but to sentence you to prison for life. . . . I think the law is harsh. I mean unduly harsh. . . ."
At the sentencing hearing apparently no one noticed that the second burglary conviction occurred after the defendant had committed the crime for which he was being sentenced. The uncontroverted evidence before the court, therefore, supported a sentence under Subsection (a) of the Act, not Subsection (b). The Habitual Offender Act, § 13A-5-9, provides, inter alia:
 "(a) In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished . . . [o]n conviction of a Class A felony . . . by imprisonment for life or for any term of not more than 99 years but not less than 15 years.
 "(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished . . . [o]n conviction of a Class A felony . . . by imprisonment for life or for any term of not less than 99 years."
The only issue presented for review to the Court of Criminal Appeals was "whether appellant was sentenced under the proper section of the Habitual Felony Offender Act." The court upheld the sentence on the theory that "It is settled law that the trial court will not be put into error on grounds not specified at the sentencing hearing," citing Smith v. State,409 So.2d 455 (Ala.Crim.App. 1981).
Neither did the Court of Criminal Appeals hold, nor has the State argued, that the evidence at the sentencing hearing supported a sentence under Subsection (b) of the Habitual Felony Offender Act. Instead, they base their positions on the failure of the defendant to object to the introduction of the certificate of judgment evidencing the subsequent burglary conviction.
Smith and the other cases relied on by the court below and by the State are inapposite. In Smith the defendant was sentenced under Subsection (c) of the Habitual Felony Offender Act, which provides that if a defendant has three felony convictions prior to the commission of the felony for which he is being sentenced, he must be sentenced to life without parole if the fourth felony is a Class A felony. On appeal Smith argued that the trial court had erred in sentencing him under the Act because the court had considered "improper evidence" of his prior felony convictions. As the Court of Criminal Appeals itself pointed out, Smith "[did] not contend that he did not have three prior convictions, but rather that they were not properly proven at the sentencing hearing." Smith, supra, at 459. That he in fact did not have the requisite number of prior felonies to be sentenced under Subsection (b) is precisely what defendant Peterson is arguing here. Moreover, the State's own evidence supports his contention. This is not a case where the defendant is claiming that the trial court considered improper evidence. It is simply a case where the court misapplied the law to the undisputed facts.
For purposes of illustration, consider an analogous situation where a defendant is being prosecuted for possession of a pistol after the commission of a crime of violence. Section13A-11-72 (a), Code of Alabama. Suppose that at the trial of the case the State proves that the defendant was in possession of a pistol at the time charged and, to prove the prior offense, it introduces a certified copy of a judgment against the defendant for perjury in the third degree. Section13A-10-103, Code of Alabama. Further suppose that the defendant is convicted, based on that evidence, and that on appeal he correctly argues that perjury is not a crime of violence for purposes of § 13A-11-72 (a). Under the rationale of the Court of Criminal Appeals *Page 987 
in this case, the defendant's conviction would stand unless he had made an objection at trial to the introduction of evidence of the perjury conviction. No rule of law or reason dictates such a conclusion. An appellate court cannot affirm a conviction where the record is completely silent as to an essential element of the offense. Duncan v. State,338 So.2d 446, 448 (Ala.Crim.App. 1976).
Just as the State must prove a prior conviction of a violent crime before an appellate court can uphold a conviction under §13A-11-72 (a), so must it prove that the defendant was convicted of two prior felonies before he can properly be sentenced under § 13A-5-9 (b). An appellate court cannot uphold a sentence under that Subsection where, as here, the record does not show a second prior offense. Duncan, supra.
Although the opinion of the Court of Criminal Appeals discussed the issue of whether the two burglary convictions could support the sentence under Subsection (b) of the Act, that opinion did not indicate the dates of the convictions. The scope of review on a petition for certiorari is ordinarily limited to the facts contained in the opinion of the Court of Criminal Appeals, unless the petitioner presents additional facts or a corrected statement of the facts by way of Rule 39 (k), A.R.A.P. In this case, however, there was no dispute as to when the defendant was convicted of the two felonies considered in the sentencing hearing. Where there is no dispute as to the facts, this Court can go to the record for a more complete understanding of those facts treated in the opinion of the lower appellate court. Johnson v. State, 287 Ala. 576,253 So.2d 344 (1971); Wilbanks v. State, 289 Ala. 171,266 So.2d 632 (1972).
The judgment of the Court of Criminal Appeals is hereby reversed and the case is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.