Rickey Troy Bridges was convicted of robbery in the first degree, in violation of Ala. Code 1975, § 13A-8-41, and was sentenced to life imprisonment without parole as a habitual felony offender. He raises two issues on this appeal from that conviction.
 I
The defendant argues that the trial court erred in admitting a confession which was tainted by a prior illegal confession.
On June 16, 1987, the defendant robbed a SouthTrust Bank in Mobile. He was subsequently captured in Mississippi. On September *Page 15 
4, 1987, Mobile Police Detective Ken Powell interviewed the defendant in a Mississippi jail. Powell testified that he made a "deal" with the defendant. Powell stated that "[t]he agreement was . . . he said he would tell me all about it if he didn't have to come back to Alabama. I told him that he was so far down the list of everybody else wanting him, I doubted Alabama would ever see him. I said, the only way we'll try to get you is if you escape and come back to Mobile and I catch you. And he did and I did. There was never no promise made to him that he would not be prosecuted." The trial judge suppressed this first statement.
The defendant did escape from Mississippi and did travel to Mobile, where he was captured on June 15, 1988 — nine months after his confession to Detective Powell. On June 22, 1988, the defendant gave a confession to F.B.I. Agent Larry Sparks in Mobile. Detective Powell was present during this confession. However, there is no evidence that anyone made any promise, inducement, or "agreement" with the defendant on this second occasion. There was no mention of the first "agreement" during this second interrogation. The trial court properly admitted this second confession into evidence.
"Where a confession has been obtained, or inducement held out, under circumstances which would render the confession involuntary and inadmissible, a confession subsequently made is inadmissible unless, from a proper warning or other circumstances, there is reason to presume that the hope or fear, which influenced the first confession, has been dispelled." C. Gamble, McElroy's Alabama Evidence § 200.11 (3d ed. 1977). "The State . . . has the burden of showing that a subsequent, properly taken confession was not tainted by a prior, improperly taken confession." Ex parte Callahan,471 So.2d 463, 471 (Ala.), cert. denied, 474 U.S. 1019,106 S.Ct. 567, 88 L.Ed.2d 552 (1985). "In evaluating whether the subsequent confession is sufficiently attenuated from the previous illegal interrogation, the trial court will be guided by the three factors delineated in Brown [v. Illinois,422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975)]; (1) the temporal proximity of the statements and the unconstitutional activity; (2) the presence of any intervening circumstances; and (3) the purpose and flagrancy of the official misconduct. Brown,422 U.S. at 603-04, 95 S.Ct. at 2261-62." United States v. Wauneka,770 F.2d 1434, 1441 (9th Cir. 1985). See generally, W. Ringel, 2Searches and Seizures, Arrest and Confessions § 25.2(g)(2) (2d ed. 1989).
After a consideration of the totality of the circumstances, we find that the defendant's second confession was voluntary and was not tainted by the prior statement.[1] The two statements were separated by nine months and a significant geographical distance. See Callahan, 471 So.2d at 465, quoting Miranda v.Arizona, 384 U.S. 436, 496, 86 S.Ct. 1602, 1639, 16 L.Ed.2d 694
(1966) ("A different case would be presented if an accused were taken into custody by the second authority, removed both in time and place from his original surroundings, and then adequately advised of his rights and given an opportunity to exercise them."). Any "immunity" from prosecution given the defendant was conditioned upon the defendant's not escaping and upon his not returning to Mobile. Since the defendant did both, he had no reason to expect that he was still immune from prosecution. We consider both the escape and the return to Mobile to be intervening circumstances. In this case, we find no "official misconduct," and there is no evidence that the police were attempting to mislead or coerce the defendant into giving an involuntary statement. Consequently, we find that the defendant's second confession was properly admitted into evidence.
 II
The defendant contends that he was improperly sentenced as a habitual felony offender.
At sentencing, the State produced proof that the defendant had four prior convictions. His conviction for escape in violation of 18 U.S.C. § 751(a) from a federal *Page 16 
correctional institution with a sentence of 15 months' imprisonment was properly considered a prior felony conviction because escape from a penal facility is a Class C felony in Alabama. Ala. Code 1975, § 13A-10-32. "Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under [Ala. Code 1975, § 13A-1-2(4)], or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980." Rule 6(b)(3)(iv), A.R.Cr.P.Temp. Clearly, the defendant's conduct in escaping from a federal correctional institution would constitute a felony under Alabama's criminal laws. See Thompson v. State, 525 So.2d 820, 826 (Ala. 1985), cert. denied, 488 U.S. 834, 109 S.Ct. 94, 102 L.Ed.2d 70
(1988).
Contrary to the defendant's argument, the record before this court reveals that the documentary evidence of the two Louisiana convictions for "simple burglary" and "simple escape" were properly certified and authenticated as required by § 12-21-70.
The defendant contends that his 1987 conviction in Mississippi for "robbery (Habitual)" should not have been considered because that conviction was had on October 15, 1987 — four months after the robbery of the SouthTrust Bank was committed. We agree that consideration of the Mississippi conviction was error. Under the Alabama Habitual Felony Offender Act, a conviction cannot be used to enhance punishment where that conviction was had after the commission of the offense for which a defendant is being sentenced. Ex partePeterson, 466 So.2d 984, 986 (Ala. 1984). However, the consideration of that offense in sentencing the defendant was not reversible error because it could not have affected the range of sentence. The fourth felony conviction was unnecessary, as a defendant with three prior felony convictions must be sentenced to life without parole upon conviction for a Class A felony. § 13A-5-9(c)(3). " '[A]ny error in proving prior convictions in excess of the number needed to invoke the Habitual Offender Act is error without injury, where the evidence of the unneeded prior convictions did not prejudice the defendant.' Smith v. State, 401 So.2d 251, 256-57
(Ala.Cr.App.), cert. denied, Ex parte Smith, 401 So.2d 257
(Ala. 1981)." Peoples v. State, 457 So.2d 1000, 1000
(Ala.Cr.App. 1984).
The application of the Alabama Habitual Felony Offender Act did not result in a disproportionate sentence in this case in violation of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001,77 L.Ed.2d 637 (1983). Seritt v. Alabama, 731 F.2d 728, 732-33
(11th Cir.), cert. denied, 469 U.S. 1062, 105 S.Ct. 545,83 L.Ed.2d 433 (1984). We have been cited to no authority for, and we find no merit to, the defendant's argument that the act is unconstitutional "in that it makes no distinctions between prior convictions for crimes against people and crimes against property, between the actual use of force and the lesser threat of force." Appellant's brief at 10. Finally, the record shows that proper notice was given the defendant of the prior convictions to be used at sentencing. Rule 6(b)(3)(ii), A.R.Cr.P.Temp. Our review convinces us that the defendant was properly sentenced as a habitual offender.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Although we assume, for purposes of argument, that the first statement was involuntary, we do not make that determination, as it is not necessary to this opinion.