**STATE v. ROBINSON**

[110 N.C. App. 284 (1993)]

STATE OF NORTH CAROLINA v. TERRY DALE ROBINSON

No. 9118SC1298

(Filed 18 May 1993)

**Homicide § 5 (NCI4th) — murder — year and a day rule — abrogation of rule between crime and death — rule not applicable**

An order dismissing a first degree murder indictment was vacated where defendant assaulted his wife on 18 October 1988, the North Carolina Supreme Court abrogated the common law "year and a day" rule, defendant's wife died on 30 May 1991, and defendant was indicted on 9 September 1991. Allowing defendant to be prosecuted for murder under the limited circumstances here does not violate the holdings in *State v. Vance*, 328 N.C. 613, or *State v. Detter*, 298 N.C. 604. The relevant date on these facts for determining whether the prosecution of defendant violates the *ex post facto* clauses of the North Carolina and Federal Constitutions is the date upon which the victim died and the year and a day rule had been abrogated before that date.

**Am Jur 2d, Homicide § 14.**

**Homicide as affected by lapse of time between injury and death. 60 ALR3d 1323.**

Appeal by the State of North Carolina from judgment entered 31 October 1991 by Judge Peter M. McHugh in Guilford County Superior Court. Heard in the Court of Appeals 9 February 1993.

On 18 October 1988, defendant brutally beat his estranged wife, Gina Robinson, with his hands, feet, and a shotgun used as a club. He then ran over her several times with an automobile. Mrs. Robinson remained comatose from the time of the assault until her death on 30 May 1991.

On 5 April 1989, defendant was convicted of assaulting Gina Robinson with a deadly weapon with intent to kill inflicting serious injury. On 9 September 1991, approximately three months after her death and almost three years after the savage assault from which her death resulted, defendant was indicted for first degree murder. Defendant moved to dismiss the indictment because it alleged that the victim's death occurred more than a year and

a day after the assault. Defendant's motion was allowed, the State appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Linda Anne Morris, for the State.*

*Assistant Public Defender John Bryson for defendant-appellee.*

MARTIN, Judge.

The sole issue before us in this appeal is whether the prospective abrogation of the common law "year and a day" rule as pronounced in the Supreme Court's recent decision in *State v. Vance*, 328 N.C. 613, 403 S.E.2d 495 (1991) should prevent the defendant's prosecution for murder where the murderous act was committed before the date of abrogation, but the victim's death did not occur until after the date of abrogation. We conclude that it should not and vacate the order dismissing the indictment.

Prior to our Supreme Court's decision in *Vance*, the common law in North Carolina required that in order to charge a defendant with murder, the victim must have died within a year and a day of the murderous act. *State v. Orrell*, 12 N.C. (1 Dev.) 139 (1826). However, that rule was judicially abolished in *Vance, supra*, filed on 2 May 1991 with the final mandate issued 22 May 1991. The Supreme Court in *Vance* held that any rationale for the "year and a day" rule was anachronistic today, and that the rule was no longer part of the common law of North Carolina for any purpose. *Vance*, at 619, 403 S.E.2d at 499.

However, the *Vance* court also concluded that:

[T]he prohibitions against *ex post facto* laws embodied in the fifth and fourteenth amendments to the Constitution of the United States require that we give this decision abolishing the year and a day rule prospective effect only.

*Id.* at 621, 403 S.E.2d at 500. Thus, the *Vance* court overturned defendant's conviction for second degree murder because the murderous act and the resultant death of the victim both occurred previous to the abolition of the year and a day rule. The *Vance* court expressly followed the proposition that unforeseeable judicial modifications of criminal law may trigger the *ex post facto* clauses of the state and federal constitutions and therefore applied the abolition of the year and a day rule prospectively. *Id.* We are

bound to follow this decision and cannot, as the State invites us to do, reconsider the question of whether or not the prohibition against *ex post facto* laws may be infringed upon by the retrospective operation of a judicial decision. The North Carolina Supreme Court has already answered that question affirmatively as applied to the abrogation of the year and a day rule.

The issue before this Court, however, is not identical to that issue before the *Vance* court. In *Vance*, both the murderous act and the death of the victim occurred at a time when the "year and a day" rule was still the law in North Carolina. There was no question that a retroactive application of the abolition of the rule to those facts would violate *the ex post facto* clauses of the United States and North Carolina Constitutions. However, the facts of the instant case differ in that, while the murderous act occurred before the decision in *Vance* abolishing the "year and a day" rule, Mrs. Robinson's death did not occur until after that decision. We do not believe from the language in *Vance* that the Supreme Court expressly contemplated the unique, and in all probability, rare factual situation presented by this case.

Because *Vance* did not attempt to address the specific issue before this Court, we find little guidance in its language. The only language in the *Vance* decision which points to the date considered by the court to be significant for purposes of *ex post facto* application of the abolition of the year and a day rule is as follows:

> To apply today's decision abrogating the year and a day rule to permit the defendant to be convicted of murder in the present case would, at the very least, permit his conviction upon less evidence than would have been required to convict him of that crime at the time the victim died and would, for that reason, violate the principles preventing the application of *ex post facto laws* . . . (citation omitted). Retroactive application of our decision today, so as to uphold the judgment for murder in the present case, clearly would be to apply this decision to events occurring before this decision and severely disadvantage the defendant. (Emphasis added.)

*Vance*, at 622, 403 S.E.2d 501. We consider this language to be some evidence that the Supreme Court viewed the critical date, i.e. the day the "events occur," for preventing *ex post facto* application of their decision to abolish the year and a day rule, as being the date the victim dies rather than the date of the murderous

act. Applying that interpretation to the facts in the present case must result in allowing defendant to be tried for murder, since at the date of Mrs. Robinson's death, the "year and a day" rule was no longer the law in this State. Unlike *Vance*, defendant's conviction in this case would not be permitted upon less evidence than would have been required at the time of the victim's death.

Defendant argues, however, that our Supreme Court, in *State v. Detter*, 298 N.C. 604, 260 S.E.2d 567 (1979) has already decided that the date the murderous act was committed, rather than the date of the victim's death, should be the decisive date in determining whether a change in the law may be applied without violating the *ex post facto* provisions of our constitutions. In *Detter*, the defendant poisoned her husband who died several months later. At the time of the administration of the poison, the penalty for first degree murder was life imprisonment. However, after the poisoning, but before the husband's death, the Legislature enacted N.C. Gen. Stat. 15A-2000 *et seq.* which permitted the imposition of the death penalty as a punishment for first degree murder. The court held that the law in effect at the time of the murderous act (poisoning) controlled rather than the law in effect at the time of the husband's death. *Id.* at 638, 260 S.E.2d at 590. To impose the death penalty on that defendant, said the court, would constitute *ex post facto* legislation.

However, in reaching its decision, the *Detter* court discussed an earlier decision, *State v. Williams*, 229 N.C. 348, 49 S.E.2d 617 (1948), in which the court held that, for the purpose of deciding whether a defendant was guilty of the crime of accessory after the fact to murder, the time of death was the time the murder was committed, rather than the time the fatal blow was struck. Thus, one who rendered aid to the murderer after the murderous act, but before the victim died, could not be guilty of accessory after the fact to murder because the crime was not complete until the resulting death occurred. *Id.* The *Detter* court limited its holding to the facts before it stating:

> [W]hen it becomes necessary to choose between the time the fatal blow is struck or the time of death for some special purpose such as accessory after the fact to murder or to determine if a certain punishment is barred by the *ex post facto* clause the choice should be dictated by the nature of the inquiry.

*Id.*, at 638, 260 S.E.2d at 590.

STATE v. ROBINSON

[110 N.C. App. 284 (1993)]

In our opinion, to allow defendant to be prosecuted for murder under the limited circumstances before us does not violate the holdings in *Vance* or *Detter*. Rather, we conclude from the language in *Vance*, and the purposes behind the abolition of the "year and a day" rule, that defendant should be prosecuted for the brutal and senseless murder of his wife. The facts of the instant case are significantly different from *Vance* and the inquiry different from that in *Detter*. The Supreme Court specifically stated in *Vance* that its primary concern was that a retroactive application of the abolition of the "year and a day" rule would allow the defendant to be convicted of murder upon less evidence than would have been required at the time the victim died thereby violating the *ex post facto* clauses. *Vance* at 622, 403 S.E.2d at 501. Moreover, the "nature of the inquiry" differs from that in *Detter*, where the court was dealing with an *ex post facto* application of a legislative change in punishment rather than a determination as to whether a crime had been completed. In this case, defendant was not vulnerable to a murder charge until Mrs. Robinson actually died. At the time of her death, the law in effect did not require that she have died within a year and a day of defendant's acts. This case is not one like *Vance* in which the defendant committed a murderous act, the victim died more than a year and a day later, and the law was subsequently changed to permit an otherwise impermissible prosecution.

We hold, on the facts before us, that the relevant date of Mrs. Robinson's murder for the purposes of determining whether the prosecution of defendant violates the *ex post facto* clauses of the North Carolina and Federal Constitutions, is the date upon which she died. On that date, the year and a day rule had previously been abrogated. Therefore, to indict this defendant for murder does not violate the mandate in *State v. Vance* that we apply its decision prospectively in order to avoid violation of the *ex post facto* clauses of those constitutions. The order dismissing the bill of indictment must be vacated and this case remanded to the Superior Court of Guilford County for further proceedings.

Vacated and remanded.

Judges WELLS and ORR concur.