Richard Keith Ducker pleaded guilty to first-degree theft, a violation of § 13A-8-3, Ala. Code 1975. The trial court adjudicated Ducker guilty and sentenced him to 20 years' imprisonment. The trial court also fined him $5,000 and ordered him to pay an assessment of $2,500 to the crime victims compensation fund.
At the plea hearing, Ducker was represented by his attorneys of record, Derek E. Yarbrough and William C. White II. The prosecution stated at the hearing that it expected the evidence to show that Ducker, a Houston County sheriff's deputy, also worked at Southern Outdoor Sports, a retail sporting-goods store, from October 15, 2003, to May 11, 2005. The prosecution alleged that, while working at the store, Ducker stole more than $20,000 worth of sporting goods. Ducker acknowledged that the State's allegations were true. Before Ducker entered his plea, the trial court informed him that he could be sentenced to a prison term of between 2 and 20 years and fined up to $10,000. Ducker indicated that he understood the sentencing range and went forward with his guilty plea.
Ducker was sentenced at a separate hearing. Derek Yarbrough accompanied him as his attorney at the sentencing hearing. At the hearing, Yarbrough argued that Ducker's sentence of 20 years' imprisonment was excessive for a first-time offender. After reviewing the victim-impact statements submitted in this case, hearing arguments from the attorneys, and hearing testimony, the trial court sentenced Ducker to 20 years in prison. In doing so, the trial court noted that Ducker had breached the trust placed in him as a law-enforcement officer and that he had shown no remorse for his actions.
After sentencing, Ducker, through Yarbrough, filed a motion to withdraw his *Page 1226 
guilty plea on the grounds that Ducker's sentence was excessive and that the trial court failed to follow the voluntary sentencing standards, § 12-25-30 et seq., Ala. Code 1975, which became effective October 1, 2006.
Again, a separate hearing was held on the motion to withdraw the guilty plea. At the outset of that hearing, William White was allowed to withdraw from the case because of "a conflict in [his] representation of Mr. Ducker." (Sentencing Record, p 4.) Ducker requested a continuance so he could retain counsel; however, that request was denied. Ducker's motion to withdraw his guilty plea was also denied.
 I.
Ducker contends that the trial court's failure to consider the voluntary sentencing standards of the Alabama Sentencing Reform Act of 2003, § 12-25-30 et seq., Ala. Code 1975 ("the Act"), constitutes reversible error requiring that Ducker be resentenced.
The stated purpose of the Act is "to protect public safety by providing a fair, effective, and efficient criminal justice system" through a variety of means, including the use of "[v]oluntary sentencing standards used to guide judicial decision makers in determining the most appropriate sentence for convicted felony offenders." § 12-25-31(a)(1), Ala. Code 1975.
Ducker is correct in saying that the record does not reflect that the trial court considered the voluntary sentencing standards when determining Ducker's sentence. However, the Act specifically provides that "[f]ailure to follow any or all of the provisions of this section [use of voluntary sentencing standards], or failure to follow any or all of the provisions of this section in the prescribed manner, shall not bereviewable on appeal or the basis of any other post-convictionrelief." § 12-25-35(f), Ala. Code 1975 (emphasis added).
Accordingly, although it appears that the trial court in this case failed to consider the voluntary sentencing standards, that failure does not provide a legal basis for setting aside Ducker's conviction or resentencing him. Ducker's argument to the contrary is without merit.
 II.
Ducker also argues that the trial court violated his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution by forcing him to proceed on his motion to withdraw his guilty plea without the benefit of counsel even though Ducker had requested a continuance to give him time to obtain counsel for the hearing.
As mentioned above, Ducker's attorney William White was granted permission to withdraw from his representation of Ducker at the outset of the hearing on Ducker's motion to withdraw the guilty plea. From the record, it does not appear that Ducker's other attorney, Yarbrough, was present at that hearing, and no explanation is given on the record for his absence. Additionally, the record does not indicate that Yarbrough ever withdrew from his representation of Ducker.
After the trial court granted White's motion to withdraw, the following colloquy took place:
 "THE COURT: Mr. Ducker, are you going to represent yourself this morning?
 "MR. DUCKER: I'd just ask for a continuance.
 "THE COURT: It is denied. You've had plenty of time to get an attorney. You've got the money to get an attorney. That is denied. This Court is going ahead. *Page 1227 
 "Okay. I'll hear you on your motions, since you are representing yourself, sir.
 "MR. DUCKER: I would like to ask to withdraw my guilty plea or ask for a reduced sentence. . . .
 . . . .
 "THE COURT: Okay, I'll hear you. Go ahead.
 "MR. DUCKER: I'd just like, with the Thanksgiving holidays, I haven't had a chance to get an attorney. And I'd like to withdraw my guilty plea and have the time to get an attorney.
 "THE COURT: Well, you have got to have reasons for that, you understand, don't you? Have you got any reasons for it?
 "MR. DUCKER: For —
 "THE COURT: For withdrawing your guilty plea. You got up here and pled guilty before the Court, and the Court went through all your rights. Have you got a reason why you want to —
 "MR. DUCKER: Yes, sir. I think the maximum sentence on a first time offense —
 "THE COURT: Well, I'll hear from the State."
(Hearing on Motion to Withdraw Plea, R. 4-6.) No other discussions regarding Ducker's request for an attorney were had during the hearing.
This Court recently held that the trial court improperly deprived a defendant of his right to counsel when it denied that defendant's request to be represented by counsel for purposes of his motion to withdraw his guilty plea. Casteelv. State, 976 So.2d 505 (Ala.Crim.App. 2007). In reaching that holding, this Court explained its rationale as follows:
 "`The Sixth Amendment guarantees the right of counsel to the accused in all criminal prosecutions. U.S. Const. Amend. VI. This right to counsel encompasses all federal and state criminal prosecutions that result in imprisonment. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This right is applicable to the states by virtue of the Fourteenth Amendment. Gideon v. Wainwright. The right attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). A critical stage is any stage where a substantial right of an accused may be affected, Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and can arise in pre-trial as well as post-trial proceedings. See Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) (pre-trial right to presence of attorney violated during any interrogation occurring after the first formal charging proceedings, absent a valid waiver); Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) (pre-trial right to counsel violated where judicial proceedings had been initiated and confession obtained without the presence of counsel and in absence of a valid waiver); Johnston v. Mizell, 912 F.2d 172 (7th Cir. 1990), cert. denied, 498 U.S. 1094, 111 S.Ct. 982, 112 L.Ed.2d 1067 (1991) (post-trial motion for new trial critical stage in criminal proceedings); Menefield v. Borg, 881 F.2d 696 (9th Cir. 1989) (post-trial motion for new trial critical stage requiring counsel or valid waiver); King v. State, 613 So.2d 888 (Ala.Crim.App. 1993) (post-trial motion for new trial critical stage requiring counsel, absent a valid waiver). Courts have held that a motion to withdraw a guilty plea is a critical stage in a criminal proceeding [], requiring effective assistance of counsel. See, e.g., United States v. White, *Page 1228 659 F.2d 231 (D.C. Cir. 1981); United States v. Crowley, 529 F.2d 1066 (3rd Cir. 1976). In recognizing that a defendant in Alabama has a right to counsel at sentencing and in the first appeal, this court stated in King v. State, 613 So.2d at 891, "It would appear that if an indigent defendant is constitutionally entitled to the assistance of counsel at sentencing and in the first appeal as a matter of right, that defendant would be entitled to the assistance of counsel in the interim period, absent a waiver."
 "`Based upon the foregoing authorities, we find that a motion to withdraw a guilty plea is a critical stage in a criminal proceeding requiring representation of counsel or a valid waiver of the right to counsel.
 "`The right to counsel does not depend upon a request by the accused. Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). "[I]f an accused does not waive counsel and does not retain acceptable counsel, the court must appoint counsel." United States v. Turnbull, 888 F.2d 636, 638 (9th Cir. 1989), cert. denied, 498 U.S. 825, 111 S.Ct. 78, 112 L.Ed.2d 51
(1990). If a defendant in a criminal proceeding is not represented by counsel, the state must prove an intentional relinquishment of that right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). If an accused waives his right to counsel, that waiver must be intelligently and understanding made and cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).
 "`"But it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. . . .
 "`". . .
 "`". . . Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."
 "`Id. at 513-16, 82 S.Ct. at 889-90.
 "`The constitutional "right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void." People v. Carroll, 140 Cal. App.3d 135, 140, 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93
(1983) (citing Johnson v. Zerbst). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary, 952 F.2d 1567 (11th Cir. 1992); Boruff v. United States, 310 F.2d 918 (5th Cir. 1962). See also Lancaster v. State, [638 So.2d 1370, 1373] (Ala.Cr.App. 1993) ("the appellant's . . . right to have counsel appointed on appeal [is a] jurisdictional matter[]; Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Cr.App. 1980) (a record failing to reveal any of the circumstances surrounding the appellant's self-representation "will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty").'"
 "Berry v. State, 630 So.2d 127, 129-50
(Ala.Crim.App. 1993) (footnotes omitted)."
Casteel, 976 So.2d at 506-08.
In this case, one of Ducker's attorneys was allowed to withdraw at the outset of the hearing on Ducker's motion to withdraw *Page 1229 
his guilty plea. Although no explanation is provided for the absence from the hearing of Ducker's other attorney of record, Yarbrough, it is clear from the record that Yarbrough was not present. Equally clear from the record is Ducker's unequivocal request to be represented by counsel at the hearing, which the trial court denied. The hearing went forward with Ducker acting pro se.
Because a hearing on a motion to withdraw a guilty plea is a critical stage in the proceedings carrying with it the right to be represented by counsel, and because it is clear from the record that Ducker did not waive his right to counsel, the trial court erred in requiring Ducker to proceed with the motion hearing without an attorney. Casteel, supra.
Accordingly, this cause is remanded, and the trial court is directed to conduct a new hearing on Ducker's motion to withdraw his guilty plea. At that hearing, Ducker is to be represented by counsel in accordance with the requirements of Rule 6.1, Ala.R.Crim.App., unless he clearly waives the right to such representation on the record.
For the reasons set forth above, this cause is remanded for further proceedings consistent with this opinion. The return to remand shall include a transcript of the proceeding. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On December 14, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion.