WISE, Judge.
The appellant, Adrian Lee Smith, was convicted of one count of second-degree assault, a violation of § 13A-6-21, Ala. Code 1975. The trial court sentenced Smith to 15 years’ imprisonment. However, pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975, Smith’s sentence was suspended, and he was ordered ■to serve 3 years in prison and the remaining 12 years on supervised probation. He was also ordered to pay a $50 assessment to the crime victims compensation fund, $26,973.63 in restitution, and all court costs. This appeal followed.
The only issue raised on appeal concerns the legality of Smith’s sentence. Smith contends that his 15-year sentence exceeds the maximum allowed by law. The State agrees and concedes that this case must be remanded in order for the trial court to impose a legal sentence.
Our examination of the record indicates that during Smith’s January 12, 2007, sentencing hearing, the trial court was mistakenly advised that Smith was due to be sentenced for a Class B felony. As both the State and Smith agree, second-degree assault is a Class C felony. See § 13A-6-21(b), Ala.Code 1975. The sentence range for a Class C felony is “not more than 10 years or less than 1 year and 1 day.” § 13A-5-6(a)(3), Ala.Code 1975. Thus, unless Smith was subject to sentence enhancement pursuant to § 13A-5-9, Ala. Code 1975—the Habitual Felony Offender *417 Act—the maximum sentence he could receive was 10 years’ imprisonment.
The record does not indicate that Smith was sentenced as a habitual offender. Indeed, the State noted during sentencing that although Smith had been convicted of failing to register as a sex offender, that conviction could not be used to enhance Smith’s sentence because that conviction occurred after he committed the acts that constituted the basis of his assault conviction. See Ex parte Peterson, 466 So.2d 984, 986 (Ala.1984); Hamilton v. State, 635 So.2d 911, 912 (Ala.Crim.App.1993); Bridges v. State, 563 So.2d 13, 16 (Ala.Crim.App.1989). Because Smith’s conviction for failing to register as a sex offender could not be used for enhancement purposes, the trial court’s sentence of 15 years’ imprisonment exceeded the maximum allowed by law and is therefore illegal. Accordingly, Smith must be resen-tenced.
Based on the foregoing, we remand this case to the trial court with instructions that it set aside Smith’s original sentence and resentence him within the range of punishment allowed by law for a Class C felony. On remand, the court shall take all necessary action to see that the circuit court makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
BASCHAB, P.J., and MeMILLAN, SHAW, and WELCH, JJ„ concur.