WELCH, Judge,
dissenting.
I respectfully dissent from the unpublished memorandum affirming the trial court’s denial of Ralph Wilson Lingo’s motion to withdraw his guilty plea.
Lingo pleaded guilty to and was convicted of two counts of second-degree receiving stolen property, violations of § 13A-8-18, Ala.Code 1975. In addition to the appropriate fines, he was sentenced as a habitual offender to 10 years’ imprisonment for each conviction. These sentences were to be served concurrently with a sentence Lingo was serving as the result of a prior criminal conviction in Barbour County.
Lingo filed a motion to withdraw his guilty plea on the grounds that the plea *940 agreement he had reached with the State provided that his sentences would “coter-minate” with his Barbour County conviction, rather than run merely concurrently with that conviction. In other words, according to Lingo, it was his understanding that when his Barbour County sentence was completed, his Henry County sentences would also be completed. The trial court denied Lingo’s motion, stating on the case-action summary sheet: “Motion to withdraw plea denied. Coterminous is not a sentence ... in this circuit, although sentence is running concurrent with a Barbour County case.” [1] (CR.14.)
Lingo contends on appeal that the trial court abused its discretion in denying his motion to withdraw his guilty plea based on the grounds set forth in his motion. The record reflects that Lingo was informed, and that he acknowledged that he understood, that his sentences could only be served concurrently. Thus, the unpublished memorandum concludes that the trial court did not abuse its discretion in denying Lingo’s motion to withdraw his guilty plea. In support it its holding, the memorandum cites Bland v. State, 565 So.2d 1240, 1242-43 (Ala.Crim.App.1990)(“The fact that a defendant who has knowingly and intelligently pleaded guilty later becomes dissatisfied with the sentence he received does not, alone, constitute a ground for invalidating the guilty plea.”), and State v. Holman, 486 So.2d 500, 503 (Ala.1986)(The mere hope for a specific sentence, unsupported by any promise from the State or indications by the trial court, is not sufficient to warrant setting aside a guilty plea as unknowingly or involuntarily made.).
I disagree with the majority’s affirmance of the decision of the trial court. The guilty-plea colloquy discloses that Lingo continued to refer to his sentences as “coterminous” after the trial court informed him, and he claimed to understand, that his sentences would be concurrent. The record further reflects that at the plea proceedings Lingo was 45 years old, indigent, unable to read or write, and without counsel. He was also without counsel at sentencing. The record is silent as to whether Lingo had waived his right to counsel.
“In order to conduct his own defense, the defendant must ‘knowingly’ and ‘intelligently’ waive his right to counsel .... ” Tomlin v. State, 601 So.2d 124, 128 (Ala.1991)(quoting Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). “[W]e cannot assume [that a waiver of counsel was intelligently and understandingly made] from a silent record ....” Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Crim.App.1980) (citing Boyd v. Dutton, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972)); see also Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962)(“Presuming waiver from a silent record is impermissible.”).
“The Sixth Amendment right to counsel does not depend upon a request by the accused. Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). In Carnley the Supreme Court stated, at 513 and 516, 82 S.Ct. at 889 and 890:
“ ‘But it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. ...
*941 “ ‘Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.’
“See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).”
Lake v. City of Birmingham, 390 So.2d at 38. See cases citing Lake: Murray v. State, 875 So.2d 1236, 1238 (Ala.Crim.App.2003) (opinion on return to remand) (quoting Lake, 390 So.2d at 37) (Waiver of counsel “ ‘cannot be presumed from a silent record.’”); Coughlin v. State, 842 So.2d 30, 33 (Ala.Crim.App.2002)(“ ‘[A] record failing to reveal any of the circumstances surrounding the appellant’s self-representation ‘will not support the trial court’s judgment wherein the appellant was sentenced to a loss of liberty.’ ”) (quoting Pratt v. State, 851 So.2d 142, 145 (Ala.Crim.App.2002)).
Like the record in Lake, the instant record “reveals none of the circumstances surrounding [Lingo’s] self-representation. Such a record, under the above-cited cases, will not support the trial court’s judgment ...." 390 So.2d at 38.
Therefore, because nothing in the record indicates that Lingo knowingly, understandingly, and voluntarily waived his right to counsel, I would remand this case for the circuit court to determine whether Lingo made a knowing, intelligent, and voluntary waiver of his right to counsel. Therefore, I dissent.

. The complete order is not legible.