Lorenzo Martinez Wilson, the appellant, pleaded guilty to, and was convicted of, burglary in the third degree and was sentenced to 18 years' imprisonment as a habitual felony offender. This is the direct appeal from that conviction.
The significant procedural facts of this case are as follows:
 October 14, 1992: The district court ordered the public defender to represent the appellant. The appellant was initially represented by public defender Cynthia Lee Almond.
 November 20, 1992: The appellant was indicted for burglary in the third degree, theft of property in the first degree, and receiving stolen property in the first degree.
 February 3, 1993: The appellant appeared with counsel, was arraigned, and entered an initial plea of not guilty.
 February 5, 1993: The appellant filed a pro se motion for a speedy trial.
 February 12, 1993: The appellant again requested a speedy trial and also requested copies of the indictment. *Page 154 
 March 3, 1993: The appellant requested "a copy of all indictment[s] and warrants that are in my file." C.R. 26.
 March 19, 1993: The appellant's counsel filed a motion to suppress certain evidence.
 March 29, 1993: The appellant's counsel filed a discovery motion.
 May 26, 1993: After a hearing, the trial court granted the appellant's motion to suppress and suppressed all statements made by the appellant after he invoked his Miranda rights.
 September 29, 1993: The appellant filed a pro se motion for the production of transcripts of "the Tuscaloosa Police Department's command communications concerning my arrest on October 13, 1993." C.R. 56. The appellant also filed a pro se "motion to amend indictment and to select prosecution" regarding the charges of theft and receiving stolen property. C.R. 58. The appellant also filed a pro se motion to subpoena witnesses, alleging that public defenders Robert Wooldridge and Gerald (Jerry) Hudson had violated the attorney-client privilege and had "acted as confederates for the prosecution." C.R. 61.
 On this same day, the trial court denied the appellant's motions in a written order. The trial judge denied the appellant's request to subpoena the attorneys as witnesses because the appellant's "purported reasons for wanting to have those individuals testify are manifestly irrelevant to the issues which will be involved in the trial of" this case. C.R. 65.
 The trial court granted in part the appellant's earlier filed motion for discovery.
 October 6, 1993: The appellant appeared for trial, having previously advised the trial court that he wished to dismiss his appointed counsel and represent himself. The trial court advised the appellant of the dangers and consequences of self-representation, specifically following the procedure approved by this court in Ford v. State, 515 So.2d 34, 38-39 (Ala.Cr.App. 1986), affirmed, 515 So.2d 48 (Ala. 1987), cert. denied, 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988). The trial court appointed "senior" public defender Jerry Hudson as "standby counsel" or "advisory counsel" for the appellant. R. 5-6. The trial court stated that it had "previously appointed for you the Public Defender's Office and had assigned to the handling of your case the Public Defender himself, former Circuit Judge Robert B. Wooldridge and Senior Public Defender Mr. Jerry Hudson." R. 5.
 After the trial judge explained that he would not grant a continuance based on the appellant's refusal to accept representation by counsel, the appellant, under "duress" accepted Hudson as his attorney and agreed to allow Hudson help him defend himself. R. 26.
 After a recess, attorney Hudson informed the trial judge that the appellant had informed him that "these proceedings were a sham, that he felt there was no need for him to be here." R. 32. Hudson was of the impression that the appellant "was in no way going to assist [him] in trying this case." R. 33. Hudson stated that he could not defend the appellant without his help. Hudson stated: "Mr. Wilson has told me that he feels that he's completely incapable of assisting me because of the lack of sleep that he had last night which was in no way his doing at all." R. 34.
In response, the trial judge stated:
 "We are going to explain to you your rights, Mr. Wilson, and then you can make your elections. You wrote a letter to me on February 5 of 1993 requesting — which stated in its introductory statement, quote, 'I am requesting a motion for a fast and speedy trial,' close quote. You then wrote to Mrs. Turner, the clerk, on February the 9th[1] of this year, quote, 'I am stating for the record my desire for a speedy trial.' We had you scheduled for trial previously, at which time you elected to discharge your attorneys. On that occasion we told you in no uncertain terms that we would be re-scheduling your case for this week and gave you full and fair notice that such would be done. I have tried at *Page 155 
every step and stage of this case to make sure you were informed of your rights, that your rights were respected and that you were given a fair and full opportunity to present a full defense. So I simply reject your statements that it's a sham and that you are being rushed to judgment in some fashion.
 "So, the only question is now how we proceed. We are going to go forward with the trial. There is not going to be any continuance of the trial. You have been given due and fair notice and full opportunities. Because of your decision to reject counsel and otherwise dispense with the assistance of counsel that could have been provided to you, there are probably some shortcomings in your preparation for the defense. All I can tell you is today we have offered the services of Mr. Hudson. You have told us you accepted those services and wished for him to represent you. Now Mr. Hudson is expressing to me without divulging any particular content between you and him, he is expressing misgivings about whether you are going to fully cooperate. That is your business. You can cooperate, you can not cooperate as far as what assistance you give your attorney." R. 35-37 (footnote added).
 Although the appellant then expressed his "wish for [the trial judge] to go on with the trial without [his] presence," the judge denied the appellant's request to absent himself from his trial. R. 38.
 Attorney Hudson asserted that, although the appellant did not want to delay his trial, the appellant was not in a position to defend himself primarily because he "did not get any sleep last night" apparently because he was transferred to Tuscaloosa from Birmingham. R. 34, 39. The trial judge responded:
 "Well, I would state for the record that I have had the opportunity to observe Mr. Wilson — he's been present here before us — his demeanor, his character, his posture, his mode of responding, his physical manifestations of alertness. As far as I can tell, the lack of sleep has not significantly impaired him. He has been able to respond articulately and express himself. . . . All of us can sometimes have deprivation of sleep. I don't consider that in this case it rises to the level that it would preclude Mr. Wilson from properly assisting and cooperating in the presentation of his defense. I am going to go forward with the trial. As we have said time and time again in the past, everyone has had long and full knowledge of the trial setting; and, as I say, it is in response to Mr. Wilson's repeated requests for a speedy trial." R. 39-40.
 After the jury venire had been voir dired, the trial court was informed that the parties had reached a plea agreement. The indictment was read to the appellant and the prosecutor stated what the State expected to prove at trial. The trial court fully advised the appellant of his rights. The appellant's attitude during the guilty plea proceedings was "I just want to get this over with." R. 54. When asked if anyone had threatened, coerced, or intimidated him to get him to plead guilty, the appellant stated: "Judge, I just want to plead guilty, you know. I am just tired, worn out, exhausted. I am just — you know, whatever you want to do." R. 59. In response, the trial judge stated: "I will state for the record that I have been observing you now since you arrived this morning, and you seem to me to be reasonably alert. You seem to not be manifesting any outward signs of fatigue or mental fatigue. You impress me as being articulate and able to respond to the questions and matters going on. So I am satisfied that you are mentally able to make these decisions if you wish to make them." R. 59. The appellant was then given time to confer with his attorney in private.
 The appellant then pleaded guilty to burglary in the third degree and was sentenced to 18 years' imprisonment. The trial court informed the appellant of his right to appeal and that it would appoint new counsel to represent the appellant on appeal. The trial judge further stated: "I will appoint an attorney to represent you in connection with that appeal, and that attorney will be given an opportunity *Page 156 
thereafter to have a transcript of the record prepared before filing a motion for a new trial if he or she wishes to do so." R. 65. We consider that statement an obvious reference to the procedure set forth in Ex parte Jackson, 598 So.2d 895, 897 (Ala. 1992).
 November 4, 1993: Attorney George A. Nassaney, Jr., was appointed to represent the appellant on appeal.
 November 16, 1993: The appellant filed a notice of appeal and a pro se "writ of error coram nobis/motion to withdraw guilty plea." That petition alleged that he was "forced" to plead guilty by his trial counsel and the trial judge, that his plea was "the product of physical and mental abuse, that his attorney at the guilty plea [proceeding] had breached the duty of confidentiality and in general was ineffective, that the indictment was defective and the amendment to it illegal, that he was denied a speedy trial, and that illegal convictions were used to enhance his sentence." Appellant's brief of April 15, 1994, at 8.
 December 21, 1993: The trial judge, in effect, "denied" the writ/motion. The judge found that
 "to the extent the defendant's said motion would constitute a 'Motion for New Trial' or a 'Motion in Arrest of Judgment' pursuant to Rule 24 of the Alabama Rules of Criminal Procedure, the same would be untimely as not having been filed within thirty days after said sentence had been pronounced. Accordingly, the Court considers itself without jurisdiction to address the merits of said motion, to the extent it would be due recognition as either a motion for new trial or a motion in arrest of judgment.
 "To the extent said motion should be treated as a proceeding for a post-conviction remedy pursuant to Rule 32, A.R.Cr.P., the provisions of that rule, and the case law interpreting the same, require that said motion be returned to the defendant so that he might have the opportunity to amend it so as to conform the same to the form provided in the 'Appendix to Rule 32' and mandated as the exclusive procedural vehicle for filing such a motion. In that regard, however, the Court notes that the defendant has given notice of appeal in this case and attorney George Nassaney has been appointed to represent him with respect to the same." C.R. 93-94.
 February 7, 1994: Attorney Nassaney filed an appellate brief in this Court on behalf of the appellant. He also requested that he be allowed to withdraw.
 February 11, 1994: Attorney Nassaney was allowed to withdraw.
 February 23, 1994: After having received the appellant's request for the appointment of counsel, this Court directed the circuit court to appoint new counsel to represent the appellant and granted new counsel the opportunity to file a second appellate brief.
 March 4, 1994: The circuit court appointed attorney Paul Whitehurst to represent the appellant on appeal.
 March 7, 1994: The State filed a brief in response to the Nassaney brief of February 7, 1994.
 March 24, 1994: Attorney Whitehurst filed with this Court a "motion to remand" so that the circuit court could conduct a hearing on the appellant's "writ of error coram nobis/motion to withdraw guilty plea."
 March 25, 1994: This Court denied the appellant's motion to remand.
 April 15, 1994: Attorney Whitehurst filed an appellate brief.
 May 13, 1994: The State filed a brief in response to the Whitehurst brief of April 15, 1994.
 I. The Nassaney Brief
Attorney Nassaney raised two issues on appeal:
 1. "Did the trial court err to reversal by failing to ascertain why Mr. Wilson was dissatisfied with the counsel appointed to represent him [in the circuit court] when Mr. Wilson requested that different counsel be appointed to represent him after indicating to the trial court that he had already had an 'ordeal' with that attorney?" Appellant's brief filed February 7, 1994, at 5. *Page 157 
 2. "Did the trial court err to reversal by accepting Mr. Wilson's guilty plea despite Mr. Wilson's statements that he was pleading guilty because he was 'tired, worn out, exhausted' and because that was what 'you [the court] want[ed] to do'?" Appellant's brief filed February 7, 1994, at 6.
In connection with these issues, the appellant also claimed that he was denied the effective assistance of counsel.
Neither of these issues was preserved for appellate review. The appellant's "writ of error coram nobis/motion to withdraw guilty plea" was filed 42 days after sentence had been pronounced. If treated as a motion to withdraw the guilty plea, a motion for a new trial, or a motion in arrest of judgment, the appellant's motion was untimely. A motion for a new trial or a motion in arrest of judgment must be filed no later than 30 days after sentence is pronounced. Rules 24.1(b) and 24.2(b), A.R.Crim.P. "[A] motion to withdraw a guilty plea is the functional equivalent of a motion for new trial" and must also be filed within 30 days of the pronouncement of sentence.Rose v. State, 598 So.2d 1040, 1044 n. 2 (Ala.Cr.App. 1992).
If the appellant's "writ of error coram nobis/motion to withdraw guilty plea," is treated as a petition for post-conviction relief, it was not in the proper form, and the circuit court correctly returned the writ to the appellant pursuant to Rule 32.6(a), A.R.Crim.P. A Rule 32 petition for post-conviction relief "displaces all post-trial remedies except post-trial motions under Rule 24 and appeal," including a petition for writ of error coram nobis. Rule 32.4, A.R.Crim.P. There is no indication in the record that the appellant took advantage of the opportunity to file a proper Rule 32 petition for post-conviction relief. This Court has recognized that provision may be made for staying a direct appeal pending the adjudication of a post-conviction petition filed while the direct appeal is pending. Barnes v. State,621 So.2d 329, 332-33 (Ala.Cr.App. 1992).
Ex parte Jackson, 598 So.2d 895, 897 (Ala. 1992), "reaffirm[ed] the principle that ' "claims of ineffective assistance of counsel may not be considered for the first time on direct appeal." ' " In Jackson the Alabama Supreme Court created an exception to Rule 24.1(b), A.R.Crim.P., and established a procedure whereby counsel newly appointed to represent a defendant on appeal could file a motion for a new trial after preparation of the trial transcript. Attorney Nassaney did not attempt to follow the Jackson procedure for filing a motion for a new trial.
 II. The Whitehurst Brief
Attorney Whitehurst raises three issues on appeal. He claims that this Court should remand this cause to the trial court for a determination of the appellant's claim of ineffective assistance of counsel; that the trial court erred in failing to grant the appellant a hearing on his "writ of error coram nobis/motion to withdraw guilty plea"; and that the trial court erred in failing to enter an order granting the appellant 14 days to request the extension of time for the filing of a Rule 24 motion.
Although this Court "has authority to remand a case, if itdetermines justice would require it, to the trial court for a determination to be made on the defendant's claim that he was inadequately represented at his trial," Thompson v. State,525 So.2d 820, 831 (Ala. 1985) (emphasis in original), cert. denied,488 U.S. 834, 109 S.Ct. 94, 102 L.Ed.2d 70 (1988), this does not appear to be such a case. See also McLeod v. State,627 So.2d 1065 (Ala. 1993); Ex parte Harper, 594 So.2d 1181, 1195
(Ala. 1991). We have reviewed the entire record in this case and are unimpressed with the appellant's allegations that his guilty plea was involuntary and his trial counsel ineffective.
Neither of the appellant's newly appointed appellate counsel attempted to follow the procedure set forth inJackson. No excuse or justification has been offered for the failure to follow that procedure. No reason has been shown why this Court should make an exception in this case and grant the appellant additional time to file a post-conviction motion over and above that granted in Jackson. "This court takes the position that the procedure outlined in Ex parte Jackson must be strictly complied with. Thus, because the appellant's counsel failed to comply with Ex parte Jackson, this argument is procedurally *Page 158 
barred." Page v. State, 622 So.2d 441, 443 (Ala.Cr.App. 1993).
We reject the appellant's argument that the appellant should not suffer the consequences of his own ignorance and that the trial court should have treated the appellant's untimely pro se "writ of error coram nobis/motion to withdraw guilty plea" as an implicit request for an extension of time for filing a motion for a new trial.
 "Generally, parties acting pro se should be treated as parties represented by counsel are treated. See, Cofield v. McDonald's Corp., 514 So.2d 953 (Ala. 1987); Hines v. City of Mobile, 480 So.2d 1203 (Ala. 1985); Hubbard v. Montgomery, 372 So.2d 315 (Ala. 1979); and Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889 (Ala.Civ.App. 1991). In particular, pro se litigants 'must comply with legal procedure and court rules.' Lockett, 588 So.2d at 890."
Boros v. Baxley, 621 So.2d 240, 243-44 (Ala.), cert. denied, ___ U.S. ___, 114 S.Ct. 563, 126 L.Ed.2d 463 (1993).
Finally, the appellant asserts that, under Jackson, the trial court had the burden of initiating the "out-of-time" motion for new trial by entering an order on the case action summary. The procedure set forth in Jackson is, in part, as follows:
 "[I]f the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the case action summary sheet, and shall also note that the time within which to file a motion for a new trial is extended in such case, provided the following occurs: If newly appointed counsel files a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter's transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter's transcript is filed, which date shall be entered on the case action summary sheet, rather than from the date of the pronouncement of sentence, as provided for in Rule 24, A.R.Crim.P."
Jackson, 598 So.2d at 897. It is "advisable . . . that the record show that new counsel was advised that the time for filing a motion for new trial could be extended if requested." H. Maddox, Alabama Rules of Criminal Procedure § 24.4 at 251 (Supp. 1993). However, we hold that the trial court's failure to so advise appellate counsel does not excuse counsel's failure to file "a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter's transcript is prepared and filed."Jackson, 598 So.2d at 897. The burden of invoking the "Jackson
procedure" is not upon the trial court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] This letter was filed in the circuit clerk's office on February 12, 1993.