On June 2, 1999, Pratt was convicted of three counts of trafficking in drugs (methamphetamine) and one count of possession of drug paraphernalia. Pratt was convicted, as a habitual offender, to a term of life in prison without the possibility of parole.[1] Pratt did not appeal. On May 31, 2001, Pratt filed a Rule 32, Ala.R.Crim.P., petition. Before the State could respond, the trial court summarily denied the petition in a written order entered on August 14, 2001. This appeal followed.
We remand this cause to the circuit court for two reasons: first, to clarify Pratt's sentences for these convictions, and second, for a determination of whether Claim 2 in Pratt's petition has merit.
In his petition, Pratt asserted the following claims:
 1. The application for, and the affidavit underlying, the search warrant executed in his case were stale.
 2. The trial court erroneously allowed counsel to withdraw prior to sentencing and, therefore, Pratt was not represented by counsel when he was sentenced.
 3. The State failed to prove that he was in possession of 28 grams of methamphetamine, and, therefore, he should have been convicted of a lesser-included charge.
 4. His sentence exceeded the maximum authorized by law because he should *Page 144 
have been convicted of a lesser-included offense.
 5. He failed to appeal through no fault of his own. Neither his attorney nor the court informed him of his right to appeal.
The circuit court entered the following order denying the petition:
 "After consideration of Defendant's Petition for Relief From Conviction o[r] Sentence the Court finds that no grounds are raised in the petition for which relief could or should be granted. The Defendant was properly sentenced to Life Without Parole as a Habitual Offender, and no other sentence could apply. Accordingly, Defendant's Petition is Denied."
(C.R. 13.) On appeal, Pratt reiterates his claims from his petition.
Claim 1, a constitutional claim, is precluded because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. Claims 3 and 4 challenges the sufficiency of the evidence; therefore, they are precluded because they could have been, but were not, raised at trial or on appeal. Rule 32.2(a)(3) and (5).
Claim 5 is completely without merit. Pratt admits in his brief on appeal and in his notice of appeal that he voluntarily fled the jurisdiction in order to avoid sentencing. Rule 26.9(b)(4), Ala.R.Crim.P., provides that during the pronouncement of the judgment and the sentence the trial court shall "[i]nform the defendant as to defendant's right to appeal." Because he voluntarily chose to be absent from his sentencing hearing and, as a result, voluntarily forfeited any information the trial court was to impart during the sentencing hearing, Pratt cannot now complain that he was not informed of his rights. Moreover, as for his trial counsel's alleged failure to inform him of his right to appeal, trial counsel was no longer his counsel because trial counsel had moved to withdraw, presumably because Pratt failed to appear at sentencing. Therefore, Pratt's failure to appeal was absolutely his own fault.
Claim 2 is problematic, and we remand this case for the circuit court to conduct further proceedings to resolve the claim. In his petition, Pratt claimed that the trial court allowed his trial counsel to withdraw and proceeded to sentence him without appointing new counsel. On appeal, Pratt explains that he was absent from the sentencing proceedings because he voluntarily fled the jurisdiction to avoid sentencing. Pratt also claims that his trial counsel nonetheless appeared at the sentencing hearing, but that trial counsel moved to withdraw before the trial court had handed down the sentence. Pratt alleges that the trial court allowed trial counsel to withdraw before it issued the sentence.
A defendant has a right to counsel during sentencing. See Rule 6.1(a), Ala.R.Crim.P., and Mempa v. Rhay, 389 U.S. 128 (1967).
 "The constitutional `right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void.' People v. Carroll, 140 Cal.App.3d 135, 140, 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983) (citing Johnson v. Zerbst[, 304 U.S. 458 (1938)]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary, 952 F.2d 1567 (11th Cir. 1992); Boruff v. *Page 145 United States, 310 F.2d 918 (5th Cir. 1962). See also Lancaster v. State, [638 So.2d 1370, 1373] (Ala.Cr.App. 1993) (`the appellant's . . . right to have counsel appointed on appeal [is a] jurisdictional matter'); Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Cr.App. 1980) (a record failing to reveal any of the circumstances surrounding the appellant's self-representation `will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty')."
Berry v. State, 630 So.2d 127, 130 (Ala.Crim.App. 1993) (footnote omitted). See also Custis v. United States, 511 U.S. 485, 494 (1994) ("`If the accused . . . is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. . . . The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus.'" (quotingJohnson v. Zerbst, 304 U.S. 458, 468 (1938))); Weakley v. State,721 So.2d 235, 236 (Ala. 1998) (holding that the right to counsel at arraignment is a jurisdictional matter).
Although certainly Pratt waived his right to be present during sentencing by voluntarily fleeing the jurisdiction, see Rule 9.1(b), Ala.R.Crim.P., he could not have waived his right to counsel during sentencing unless he did so "in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right." Rule 6.1(b), Ala.R.Crim.P.See McDonald v. State, 668 So.2d 89 (Ala.Crim.App. 1995). Moreover, even though Pratt was sentenced well within statutory guidelines, "`the total denial of counsel at a critical stage such as sentencing is presumptively prejudicial and is not to be deemed harmless error.'" McDonald,668 So.2d at 92 (quoting Golden v. Newsome, 755 F.2d 1478, 1483 (11th Cir. 1985)).
Therefore, we remand this cause to the circuit court in order for it to determine whether Pratt was represented by counsel during sentencing, and, if he was not, whether he waived his right to counsel by one of the methods prescribed in Rule 6.1(b). If the circuit court finds that Pratt was indeed without counsel during sentencing and that he did not waive his right to counsel, the circuit court should hold a new sentencing hearing and should appoint counsel for Pratt at the hearing, if he is indigent and in need of counsel. If the circuit court finds that Pratt's claim is without merit and that the appointment of counsel and resentencing is unnecessary, we nonetheless ask that the circuit court clarify that Pratt was sentenced for all four counts for which he was convicted. Due return shall be made to this court in 56 days.
REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Shaw and Wise, JJ., concur. Baschab, J., concurs in the result.
[1] The record reflects that Pratt received only one sentence, although he was convicted of four crimes.
* Note from the reporter of decisions: On June 21, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On August 2, 2002, that court denied rehearing, without opinion. On December 20, 2002, the Supreme Court denied certiorari review, without opinion (1012134). *Page 146