875 So.2d 1236 (2003)
Stanley MURRAY
v.
STATE.
CR-02-0318.
Court of Criminal Appeals of Alabama.
April 25, 2003.
Opinion on Return to Remand August 29, 2003.
*1237 Stanley Clay Murray, pro se.
William H. Pryor, Jr., atty. gen., and G. Ward Beeson III, asst. atty. gen., for appellee.
McMILLAN, Presiding Judge.
The appellant, Stanley Clay Murray, filed a Rule 32, Ala. R.Crim. P., petition, attacking his 1981 conviction for first-degree receiving stolen property. He was sentenced to two years' imprisonment in the state penitentiary. Murray did not appeal his conviction.
In his petition, Murray claimed that he was denied his right to counsel during his sentencing proceedings. The State moved to dismiss the petition, arguing that Murray's petition was time-barred. The trial court then summarily denied the petition on the grounds argued by the State.
It is unclear from the record whether Murray either was represented by counsel or had waived his right to counsel at the time of his sentencing proceedings. Moreover, the State has requested that we remand this case to the trial court for that issue to be determined. Therefore, this case is remanded to the Limestone Circuit Court for that court to determine whether Murray was represented by counsel during his sentencing proceedings or whether he had waived his right to counsel at that time. Due return shall be made to this Court within 49 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

On Return to Remand
McMILLAN, Presiding Judge.
This cause was remanded to the Limestone Circuit Court for that court to address Stanley Clay Murray's claim that he was denied his right to counsel during sentencing proceedings. The circuit court has now filed its return, including an order, which states in part:
"This Court has reviewed the file in the case, (attached hereto and incorporated by reference). The defendant was represented at trial and was convicted on September 2, 1981. On November 30, 1981, his trial counsel withdrew, having been appointed Assistant District Attorney for Limestone County. The motion to withdraw was granted on the same day. On May 19, 1982, the defendant *1238 was sentenced. There is no record which indicates defendant was appointed new trial counsel upon the withdrawal of his trial counsel, nor are there any records which indicate that counsel made an appearance for the record.
"The official court reporters in this county searched the archives of Limestone County and the transcript of the above proceedings was not found. The Court Reporter at the time of the sentencing was Ted Hicks. Mr. Ted Hicks is now the Official Court Reporter for the Honorable James Moore, Circuit Court Judge of Fayette County, and has not been the official court reporter for Limestone County since 1985. At the request of this Court, Mr. Hicks checked his records, but was unable to find the transcript in this case, the case being over 20 years old and records having been purged. This Court cannot determine whether or not the defendant waived counsel at sentencing or was represented by counsel at sentencing."
A defendant's right to counsel in felony cases is absolute. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Rule 6.1, Ala. R.Crim. P. Although the defendant may waive that right, the defendant's waiver of counsel must affirmatively appear on the record.
"If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record." Lake v. City of Birmingham, 390 So.2d 36, 37 (Ala. Crim.App.1980). See also Pratt v. State, 851 So.2d 142 (Ala.Crim.App.2002).
Here, as the trial court noted, the record is silent as to whether Murray was represented by counsel at the sentencing proceedings or whether he waived his right to counsel. Because it is unclear from the record whether Murray was, as he claims, denied his right to counsel during sentencing proceedings, we must remand this case for the trial court to hold a new sentencing hearing and to appoint counsel to represent Murray, if he is indigent. Due return shall be made to this Court within 49 days from the date of this opinion.
REMANDED WITH DIRECTIONS.[*]
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
NOTES
[*] Note from the reporter of decisions: On October 24, 2003, on return to second remand, the Court of Criminal Appeals affirmed, without opinion.