The appellant, Donald Joe Barber, was convicted in the Birmingham Municipal Court of operating a junk dealership without a license, a violation of § 12-11-27, Birmingham General City Code, and parking or storing disabled vehicles without a screening device to conceal them, a violation of § 10-1-11, Birmingham General City Code. The municipal court sentenced him to serve ten days at hard labor on each conviction. It also imposed a $500 fine on each conviction. The appellant appealed his convictions to the Jefferson Circuit Court for a trial de novo, and he was again convicted of operating a junk dealership without a license and parking or storing disabled vehicles without a screening device to conceal them. The circuit court sentenced him to serve concurrent terms of thirty days in the city jail on each conviction, but suspended the sentences and placed him on unsupervised probation for two years. It also imposed a $500 fine on each conviction. This appeal followed.
On July 31, 2006, the appellant, who did not request indigency status, appeared without counsel, and the trial commenced with the appellant representing himself.
 "In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must `knowingly' and `intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The defendant `should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."' Faretta, 422 U.S. at 836, 95 S.Ct. at 2541 (other citations omitted)."
Tomlin v. State, 601 So.2d 124, 128 (Ala. 1991). Rule 6.1(b), Ala. R.Crim. P., states, in part: "If a nonindigent defendant appears without counsel at any proceeding after having been given a reasonable time to retain counsel, the cause shall proceed." However, the previous paragraph of Rule 6.1(b), Ala. R.Crim. P., which does not distinguish between indigent and nonindigent defendants, provides, in pertinent part:
 "A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and *Page 788 
voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."
(Emphasis added.) Finally, the Committee Comments to Rule 6.1, Ala. R.Crim. P., state: "The court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver."
The record in this case does not indicate that the circuit court ever advised the appellant about the dangers and disadvantages of self-representation and that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings. Accordingly, we must reverse the circuit court's judgment and remand this case for a new trial.[1] SeeFarid v. State, 720 So.2d 998 (Ala.Crim.App. 1998);Hairgrove v. State, 680 So.2d 946 (Ala.Crim.App. 1995). On remand, should the appellant, whether indigent or nonindigent, waive his right to be represented by counsel, the circuit court shall comply with the requirements ofFaretta and Rule 6.1(b), Ala. R.Crim. P.
REVERSED AND REMANDED.
WISE and WELCH, JJ., concur; McMILLAN and SHAW, JJ., dissent.
[1] Because we must reverse the appellant's convictions on this ground, we need not address the remaining issues he raises on appeal.
 *Page 158