1 So.3d 157 (2008)
John Michael WOODRUFF
v.
CITY OF PELHAM.
CR-06-2063.
Court of Criminal Appeals of Alabama.
June 27, 2008.
*158 John Michael Woodruff, pro se.
Susan Walker, Birmingham, for appellee.
WELCH, Judge.
John Michael Woodruff was convicted in the Pelham, Alabama, municipal court for failing to obey a traffic-control device, a violation of § 32-5A-31, Ala.Code 1975. He appealed his conviction to the Shelby Circuit Court. Following a trial de novo, which was held without a jury, Woodruff was again found guilty of failing to obey a traffic-control device. The trial court sentenced Woodruff to ten days in jail and ordered him to pay a fine of $100.
Briefly, the evidence adduced at trial tended to show the following. On July 31, 2006, Officer James Greer of the Pelham Police Department was patrolling in the area of Interstate 65 and County Road 52. Officer Greer explained that at the intersection of the two, traffic will often back up in the left-hand lane and some drivers will attempt to travel down the right-hand lane, which is intended for vehicles making right turns, then cut into the left-hand lane at the intersection. Such a maneuver often leads to an accident, according to Officer Greer.
While on patrol, Officer Greer saw the car driven by Woodruff traveling in the right lane. Woodruff ignored three signs that required vehicles in the right-hand lane to turn right. When Woodruff got to the intersection, Officer Greer said, Woodruff cut into the left lane. As a result, Officer Greer pulled Woodruff over and issued a citation.
At trial, the City presented evidence that Woodruff had received a number of citations for traffic violations before he received the one made the basis of this prosecution.
*159 Woodruff proceeded pro se at trial and is doing so on appeal. In his brief to this Court, Woodruff asks that, because he is proceeding pro se, we review his sentence "in the manner that is proper and most favorable" to him. (Woodruff's brief at p. 6.) However, the law is well settled that, "[g]enerally, parties acting pro se should be treated as parties represented by counsel are treated. ... In particular, pro se litigants `must comply with legal procedure and court rules.'" Wilson v. State, 659 So.2d 152, 158 (Ala.Crim.App. 1994) (quoting Boros v. Baxley, 621 So.2d 240, 243-44 (Ala.1993)).
On appeal, Woodruff raises four issues: (1) he claims he was deprived of his liberty and property without due process, specifically, that he was denied his Sixth Amendment right to counsel; (2) he claims his sentence violates his constitutional protection against cruel or unusual punishment; (3) he claims his sentence violates the Equal Protection Clause of the Fourteenth Amendment; and (4) he claims that the trial court erred in allowing "non-conviction information." A review of the record shows that none of these issues was raised before the trial court, either at trial or in pre- or post-trial motions.
However, the first issuewhether Woodruff was deprived of liberty and property in violation of his Sixth Amendment right to counselis jurisdictional and, thus, can be raised at any time.
"`A defendant's decision to represent himself necessarily involves the waiver of his right to counsel. See Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (1986). In Pratt v. State, 851 So.2d 142, 144-45 (Ala.Crim.App.2002), this Court pointed out:
"`"`The constitutional "right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused [,and c]onviction without this safeguard is void." People v. Carroll, 140 Cal. App.3d 135, 140, 189 Cal.Rptr. 327, 331 (Cal.App. 2 Dist.), cert. denied, 464 U.S. 820 (1983) (citing Johnson v. Zerbst[, 304 U.S. 458 (1938)]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary, 952 F.2d 1567 (11th Cir.1992); Boruff v. United States, 310 F.2d 918 (5th Cir.1962). See also Lancaster v. State, [638 So.2d 1370, 1373] (Ala.Crim.App. 1993) ("the appellant's ... right to have counsel appointed on appeal [is a] jurisdictional matter[]"); Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Crim. App.1980) (a record failing to reveal any of the circumstances surrounding the appellant's self-representation "will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty").'
"`"Berry v. State, 630 So.2d 127, 130 (Ala.Crim.App.1993) (footnote omitted). See also Custis v. United States, 511 U.S. 485, 494 (1994) (`"If the accused... is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.... The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus."' (quoting Johnson v. Zerbst, 304 U.S. 458 (1938)); Weakley v. State, 721 So.2d 235, 236 (Ala.1998) (holding that the right to counsel at arraignment is a jurisdictional matter)."
"`Thus it is the lack of counsel, coupled with the absence of a knowing and *160 intelligent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his prosecution.
"`"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accusedwhose life or liberty is at stakeis without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."
"`Johnson v. Zerbst, 304 U.S. 458, 465 (1938).'"
Baker v. State, 933 So.2d 406, 408-09 (Ala. Crim.App.2005).
Rule 6.1(b), Ala. R.Crim. P., provides a framework to ensure that a defendant's waiver of counsel is knowing and intelligent. The rule provides in pertinent part as follows:
"A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings...."
In addition to Rule 6.1, Alabama caselaw has discussed the duties of the trial court throughout criminal proceedings to ensure that a defendant fully understands his right to counsel and the consequences of waiving that right.
"`In Faretta v. California, 422 U.S. 806 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must "knowingly" and "intelligently" waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835. The defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'" Faretta, 422 U.S. at 835 (other citations omitted).
Baker v. State, 933 So.2d 406, 408-411 (Ala.Crim.App.2005).
"`Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'
"See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)."
Lake v. City of Birmingham, 390 So.2d 36, 38 (Ala.Crim.App.1980). See cases citing Lake: Murray v. State, 875 So.2d 1236, 1238 (Ala.Crim.App.2003) (opinion on return to remand) (quoting Lake, 390 So.2d at 37) (Waiver of counsel "cannot be presumed from a silent record."); Coughlin v. State, 842 So.2d 30, 33 (Ala.Crim.App.2002) ("[A] record failing to reveal any of the circumstances surrounding the appellant's self-representation `will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty."'), quoting Pratt v. State, 851 So.2d 142, 145 (Ala.Crim.App.2002).
*161 In Barber v. City of Birmingham, 970 So.2d 786 (Ala.Crim.App.2007), a case similar to the instant case, this Court reversed the conviction of a defendant who had been sentenced to two consecutive 30-day terms in the Jefferson County jail on charges relating to the unlicensed operation of a junk dealership. This Court explained the basis for the reversal:
"The record in this case does not indicate that the circuit court ever advised the appellant about the dangers and disadvantages of self-representation and that he had the right to withdraw any waiver of the right to counsel at any time during the proceedings. Accordingly, we must reverse the circuit court's judgment and remand this case for a new trial. See Farid v. State, 720 So.2d 998 (Ala.Crim.App.1998); Hairgrove v. State, 680 So.2d 946 (Ala.Crim.App. 1995)."
Id. at 788 (footnote omitted).
In this case, the record is silent as to whether the trial court instructed Woodruff that he had a right to counsel at the beginning of the trial. (See R. 5.) As in Barber, the record does not indicate that the circuit court advised Woodruff of the dangers and disadvantages of self-representation, nor does it show that the trial court advised Woodruff that he could withdraw his waiver of his right to counsel at any time during the proceedings.
Moreover, Woodruff was subject to incarceration if he were to be found guilty of the offense. The United States Supreme Court's holding in Alabama v. Shelton, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002), makes the possibility of incarceration the trigger for the right to representation of counsel.
Accordingly, this cause must be remanded to the circuit court for a new trial. On remand, the trial court should advise Woodruff of his Sixth Amendment right to counsel on the record pursuant to the requirements of Rule 6.1(b), Ala. R.Crim. P., and Faretta.
REVERSED AND REMANDED.
BASCHAB, P.J. concurs; McMILLAN, J., concurs in the result; SHAW, J., concurs in the result, with opinion.
SHAW, Judge, concurring in the result.
The City of Pelham points out in its brief to this Court that the following colloquy between Woodruff and the trial judge took place during sentencing:
"[THE COURT:] The Court notes the presence of Mr. Woodruff who has elected to represent himself in this proceeding. Mr. Woodruff, even at this stage of this proceeding you have a right to have an attorney. If you cannot afford an attorney you are entitled to have one appointed to you by the State of Alabama. Do you understand that?
"MR. WOODRUFF: Yes, sir.
"THE COURT: And just as you had that right initially in the hearing and waived that right you still have that right. Do you wish to waive that right at this time and proceed to represent yourself?
"MR. WOODRUFF: Yes, sir."
(R. 2.)
In addition, the City notes, and the record reflects, that Woodruff, a college student, is no stranger to the criminal-justice system, having been a defendant in 17 different criminal proceedings and having been represented by counsel in 10 of those proceedings. Finally, as pointed out by the City, and as reflected in the record, Woodruff demonstrated a working knowledge of the legal system and the trial process by his actions during the trial, including his objections, cross-examination *162 of a police officer, and his proffers of evidence.
I also note that Woodruff has represented himself on appeal to this Court, having apparently written his own 38-page brief attacking his conviction and sentence. In his brief, he cites relevant caselaw and argues with clarity that his conviction must be reversed because a sufficient waiver of his right to counsel does not appear on the record. All of this suggests to me that Woodruff was well aware when his case was called for trial that he had a right to counsel and that he consciously and intelligently went forward of his own accord.
I have worked diligently during my tenure on this Court to strike the proper balance under the law in cases like this one so that a defendant's constitutional right to counsel and the integrity of the judicial process could both be protected. Although, intuitively, I strongly suspect that Woodruff is manipulating the criminal-justice system in this case and that a retrial will be a waste of valuable judicial time and resources, I have no alternative based on precedent from this Court and the sparse state of the record in this case but to concur to reverse Woodruff's conviction.
Therefore, I reluctantly concur in the result.