# IN THE SUPREME COURT OF ALABAMA



February 14, 2025

**SC-2024-0840**

Ex parte John Michael Woodruff PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: John Michael Woodruff v. State of Alabama) (Elmore Circuit Court: CV-23-31; Criminal Appeals: CR-2023-0730).

## CERTIFICATE OF JUDGMENT

WHEREAS, the petition for writ of certiorari in the above referenced cause has been duly submitted and considered by the Supreme Court of Alabama and the judgment indicated below was entered in this cause on February 14, 2025:

**Writ Denied. No Opinion.** Sellers, J. -- Stewart, C.J., and Shaw, Wise, and Mitchell, JJ., concur. McCool, J., recuses himself.

NOW, THEREFORE, pursuant to Rule 41, Ala. R. App. P., IT IS HEREBY ORDERED that this Court's judgment in this cause is certified on this date. IT IS FURTHER ORDERED that, unless otherwise ordered by this Court or agreed upon by the parties, the costs of this cause are hereby taxed as provided by Rule 35, Ala. R. App. P.

I, Megan B. Rhodebeck, certify that this is the record of the judgment of the Court, witness my hand and seal.

*Megan B. Rhodebeck*
**Clerk, Supreme Court of Alabama**

SHAW, Justice (statement of nonrecusal).

The petitioner, John Michael Woodruff, has moved for my recusal in this case.[1] For the reasons stated below, I do not believe that my recusal is required; therefore, I deny the motion.

The motion states, in pertinent part:

"… Justice Shaw did not recuse himself in Woodruff's 2021 certiorari (1200415) nor in Woodruff's 2019 mandamus (1180870). …

"… Woodruff anticipates that Justice Shaw will not recuse himself in the instant certiorari petition. …

"… Before reaching the Alabama Supreme Court, Justice Shaw viciously denounced Woodruff with ad hominin public writings [in Woodruff v. City of Pelham, 1 So. 3d 157, 158 (Ala. Crim. App. 2008)].

"… Woodruff suggests that the special writing shows bias and partiality against Woodruff as an individual, not as a party to a specific proceeding. Woodruff further avers that the special writing was too caustic to be forgotten in 2019 nor in 2021 nor in 2024.

"… As a separate concurrence to a unanimous decision, Justice Shaw cast Woodruff's education, prior acquittals, and cogency on appeal as an abatement of Woodruff's entitlement to due process. Justice Shaw concluded:

---

[1]It is unclear whether the motion is addressed to me individually or to the entire Court. However, recusal is a matter properly submitted first to the justice whose recusal is sought, and only thereafter to the entire Court. See Aetna Life Ins. Co. v. Lavoie, 470 So. 2d 1060, 1089 (Ala. 1984). Thus, I treat this motion as being directed to me.

"'Although, intuitively, I strongly suspect that Woodruff is manipulating the criminal-justice system in this [case] and that a retrial will be a waste of valuable judicial time and resources, I have no alternative based on precedent from this Court and the sparse state of the record in this case but to concur to reverse Woodruff's conviction. Therefore, I reluctantly concur.'

"Woodruff v. City of Pelham, 1 So. 3d 157, 161-62 (Ala. Crim. App. 2008).

"... To the best of Woodruff's knowledge, Woodruff has never met Justice Shaw, but Justice Shaw either knew something of Woodruff or a particular Shelby County actor found his ear and primed his pen for an unnecessary opinion serving no purpose other than to damage Woodruff in the perpetuity of the Internet age.

"... Woodruff's greatest concern here is that Justice Shaw plainly stated an ardent desire to vote his intuition concerning Woodruff, not the law and the facts pertaining to Woodruff.

"... Now we again have a matter relating to Shelby County and Woodruff genuinely protests Justice Shaw's ability to regard Woodruff without partiality and without bias, nor to avoid impartation of the same in discussions and conference with the other justices.

"Wherefore, petitioner soberly prays Justice Shaw recuse himself from this matter and abstain from all activity concerning the same."

(Footnote, emphasis, and capitalization omitted.)

In Woodruff v. City of Pelham, 1 So. 3d 157 (Ala. Crim. App. 2008),

Woodruff, representing himself pro se, was convicted of failing to obey a

traffic-control device. On appeal, he claimed that he was denied his Sixth Amendment right to counsel. Id. at 159. The court, citing Baker v. State, 933 So. 2d 406, 408-09 (Ala. Crim. App. 2005), noted that an accused's decision to represent himself involves the waiver of his right to counsel and that a trial court has the responsibility to determine whether there is an intelligent and competent waiver of that right. Whether waiver is proper should be clearly determined by the trial court, and that determination must appear upon the record. Further, Rule 6.1(b), Ala. R. Crim. P., provides: "A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right." However, a valid waiver cannot be presumed from a silent record. Lake v. City of Birmingham, 390 So. 2d 36, 38 (Ala. Crim. App. 1980). The record did not indicate that Woodruff was informed of his right to counsel, and thus he was entitled to a new trial. Woodruff, 1 So. 3d at 161.

I issued a writing concurring in that result, discussing the facts related to Woodruff's self-representation and showing, in my opinion, that "Woodruff was well aware when his case was called for trial that he had a right to counsel and that he consciously and intelligently went

forward of his own accord."  Woodruff, 1 So. 3d at 162 (Shaw, J., concurring in the result).  I concluded:

> "I have worked diligently during my tenure on this Court to strike the proper balance under the law in cases like this one so that a defendant's constitutional right to counsel and the integrity of the judicial process could both be protected. Although, intuitively, I strongly suspect that Woodruff is manipulating the criminal-justice system in this case and that a retrial will be a waste of valuable judicial time and resources, I have no alternative based on precedent from this Court and the sparse state of the record in this case but to concur to reverse Woodruff's conviction."

Id.

On April 4, 2018, in a matter unrelated to the proceedings in Woodruff v. City of Pelham, Woodruff was convicted of indecent exposure in the Municipal Court of Alabaster.  He appealed and sought a trial de novo in the Shelby Circuit Court.  He was subsequently arrested for violating the Alabama Sex Offender Registration and Community Notification Act, § 15-20A-1 et seq., Ala. Code 1975.

Woodruff, acting pro se, filed a petition for a writ of mandamus with the Court of Criminal Appeals, which was dismissed, Ex parte Woodruff (No. CR-180775, July 17, 2019), 309 So. 3d 1263 (Ala. Crim. App. 2019) (table), and then another petition with this Court.  In connection with that mandamus petition, Woodruff did not move that I recuse myself.  In

a decision in which I participated, his petition was denied by this Court in an unpublished order. Ex parte Woodruff (No. 1180870, August 29, 2019). Woodruff did not seek my recusal in his subsequent application for rehearing, which this Court overruled.

In November 2019, Woodruff pleaded guilty in the Shelby Circuit Court to a charge of failing to register as a sex offender, see § 15-20A-10, Ala. Code 1975. Having reserved issues for appeal, Woodruff then appealed his conviction to the Court of Criminal Appeals, which subsequently affirmed the trial court's judgment. Woodruff v. State, 347 So. 3d 281 (Ala. Crim. App. 2020). Woodruff, represented by counsel, sought certiorari review with this Court; in a decision in which I participated, this Court denied the petition in an unpublished order. Ex parte Woodruff (No. 1200415, Aug. 13, 2021). Woodruff did not seek my recusal in that matter.

In this case, Woodruff apparently filed in the Elmore Circuit Court what he styled as a habeas corpus petition. The petition was dismissed, and Woodruff appealed to the Court of Criminal Appeals. In an unpublished order, Woodruff v. State (No. CR-2023-0730, Oct. 25, 2024), that court reversed the Elmore Circuit Court's decision and remanded the cause for that court to transfer the case to the Shelby Circuit Court.

See <u>Hiett v. State</u>, 642 So. 2d 492, 493 (Ala. Crim. App. 1993) (holding that a petition for a writ of habeas corpus contesting the validity of a conviction should be treated as a Rule 32, Ala. R. Crim. P., petition for postconviction relief), and Rule 32.5, Ala. R. Crim. P. ("Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.").

Woodruff now seeks certiorari review by this Court. He has filed a motion requesting that I recuse myself in this case. I deny the motion.[2]

Woodruff cites no authority or legal basis for my recusal. However, given his argument, it appears that Canon 3 of the Alabama Canons of Judicial Ethics is relevant. Canon 3.C(1)(a) states:

> "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:

---

[2]This petition was assigned to another Justice. A recommendation to deny the petition was circulated to the division of the Court in which I am not a member. Rule 16(a), Ala. R. App. P. ("The Supreme Court may sit, hear, consider and determine causes and exercise all of its powers and jurisdictions, in divisions of five judges ...."). I was the scheduled duty judge for that division at the time the case was submitted for decision. Under this Court's internal procedures, the duty judge is called upon to sit in a case being considered in another division when a justice in that division must recuse herself or himself in a matter. Such a recusal occurred, and thus the recommendation has been submitted to me.

"(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding ...."

Under this canon,

"recusal is required when 'facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.' Acromag-Viking v. Blalock, 420 So. 2d 60, 61 (Ala. 1982). Specifically, the Canon 3(C) test is: 'Would a person of ordinary prudence in the judge's position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge's impartiality?' Matter of Sheffield, 465 So. 2d 350, 356 (Ala. 1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality -- whether there is an appearance of impropriety. Id."

Ex parte Duncan, 638 So. 2d 1332, 1334 (Ala. 1994) (emphasis added).

"The burden is on the party seeking recusal to present evidence establishing the existence of bias or prejudice. Otwell v. Bryant, 497 So. 2d 111, 119 (Ala. 1986). Prejudice on the part of a judge is not presumed. Hartman v. Board of Trustees, 436 So. 2d 837 (Ala. 1983); Duncan v. Sherrill, 341 So. 2d 946 (Ala. 1977); Ex parte Rives, 511 So. 2d 514, 517 (Ala. Civ. App. 1986). ' "[T]he law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea." ' Ex parte Balogun, 516 So. 2d 606, 609 (Ala. 1987), quoting Fulton v. Longshore, 156 Ala. 611, 46 So. 989 (1908). Any disqualifying prejudice or bias as to a party must be of a personal nature and must stem from an extrajudicial source. Hartman v. Board of Trustees of the

University of Alabama, 436 So. 2d 837 (Ala. 1983); Reach v. Reach, 378 So. 2d 1115 (Ala. Civ. App. 1979). Thus,

> "'"[t]he disqualifying prejudice of a judge does not necessarily comprehend every bias, partiality, or prejudice which he may entertain with reference to the case, but must be of a character, calculated to impair seriously his impartiality and sway his judgment, and must be strong enough to overthrow the presumption of his integrity."'

"Ross v. Luton, 456 So. 2d [249,] 254 [Ala. 1984], quoting Duncan v. Sherrill, 341 So. 2d 946, 947 (Ala. 1977), quoting 48 C.J.S. Judges § 82(b)."

Ex parte Melof, 553 So. 2d 554, 557-58 (Ala. 1989) (emphasis added).

"[M]ere accusations unsupported by substantial fact" are insufficient to show that a recusal is required. Id. at 558.

In my eight-year tenure on the Court of Criminal Appeals, a court that hears a high volume of cases, I participated in the decision of hundreds, if not thousands, of appeals. In my 24-year tenure as an appellate-court judge or Justice, I have participated in matters involving thousands of individuals. When John Michael Woodruff has appeared before this Court as a party, I have not associated that name with the party in the decision in Woodruff v. City of Pelham, a case decided nearly 17 years ago. Further, contrary to Woodruff's suggestion, I know nothing of him and no person, in Shelby County or otherwise, has ever discussed

him with me.  I have no "bias ... of a personal nature" related to him, nor one stemming "from an extrajudicial source."  Melof, 553 So. 2d at 557. With this knowledge in mind, a person of ordinary prudence has no reasonable basis to question my impartiality.

Further, the content of my special writing in Woodruff v. City of Pelham does not require my recusal in any matter involving Woodruff.

> "It is well-settled that '[a]dverse rulings during the course of the proceedings are not by themselves sufficient to establish bias and prejudice.' Hartman v. Board of Trustees of the University of Alabama, 436 So. 2d 837, 841 (Ala. 1983). '[R]ulings on issues of law or attitudes concerning legal issues' do not establish bias or prejudice requiring recusal unless those rulings or attitudes are the product of bias and prejudice of an extra-judicial source."

Matter of Sheffield, 465 So. 2d 350, 357 (Ala. 1984) (emphasis added).

In my writing in Woodruff v. City of Pelham, I questioned, given the facts related to Woodruff's self-representation, the applicability of the legal presumption that a party has not validly waived his or her right to legal representation when the record is silent.  The facts reflected an understanding by Woodruff of the nature of self-representation and his right to counsel; the facts "suggest[ed] to me that Woodruff was well aware when his case was called for trial that he had a right to counsel and that he consciously and intelligently went forward of his own accord."

1 So. 3d at 162. My observations were related to the dissonance between the facts of that case and the presumption the law required.

Woodruff states in his motion to recuse that "Justice Shaw plainly stated an ardent desire to vote his <u>intuition</u> concerning Woodruff, not the law and the facts pertaining to Woodruff." That allegation, however, is flatly refuted by my writing. <u>Despite</u> any "intuition" regarding Woodruff's allegations, I nevertheless applied "the law and the facts," which were in his favor, and joined in the judgment to reverse his conviction. In other words, I upheld the law over any qualms and ruled in favor of Woodruff because I believed the law required it. To follow the law in such a manner is the very heart of impartiality.

"The law of recusal reflects two fundamental judicial policies: First, it is the duty of a judge to decide cases. Second, a judge should be a neutral, or impartial, decisionmaker." <u>Dunlop Tire Corp. v. Allen</u>, 725 So. 2d 960, 976 (Ala. 1998) (See, J., statement of nonrecusal). Because I am not disqualified in this case, I deny the motion to recuse and exercise my constitutional and statutory duty to participate in this case.